32 P.(2d) 818

## HOBBS TOWNSITE CO. v. HOBBS et al.

### No. 3867.

Supreme Court of New Mexico.

May 8, 1934.

T. A. Whelan, of Lovington, G. L. Reese, Jr., of Carlsbad, and W. H. Patten, of Hobbs, for appellants.

Reid & Iden, of Albuquerque, for appellee.

WATSON, Chief Justice.

The subject-matter of this suit may be said to be $\frac{7}{64}$ of the mineral rights in a tract of 631 acres. Plaintiff, appellee here, sued to quiet title to it. Appellants, by cross-complaint, sought to quiet their title. Plaintiffs' claim was upheld below.

Admittedly owning the land, less what had already been carved out of it by an oil and gas lease and numerous mineral deeds, appellants' predecessors in interest executed to appellee's predecessor in interest a warranty deed containing this description: "All of section No. thirty-four (34), township eighteen (18), south of range thirty-eight (38) east, N.M.P.M., save and except (9 acres described), said land herein conveyed containing 631 acres. This conveyance is made subject to an oil and gas lease in favor of R. L. Bowers and his assigns, and also subject to various conveyances of mineral rights, it being intended to convey the above described land, together with $\frac{1}{64}$th of all minerals under said land."

By the Bowers lease there was reserved a royalty of $\frac{1}{8}$ of all oil produced and saved. The "various conveyances of mineral rights" aggregate $\frac{7}{8}$ of the whole. Each "covers and includes" a named fraction "of all the oil royalty and gas rental or royalty due and to be paid under the terms of" the Bowers lease, which named fraction is the same as the fraction of mineral content conveyed. Hence, the grantors in the deed then owned $\frac{1}{8}$ of the mineral content and $\frac{1}{8}$ of the reserved royalty; the latter, so long as the lease subsisted, amounting to $\frac{1}{64}$ of the oil produced and saved.

It is the theory of the judgment that the grantors intended to convey, and so did convey, all remaining interest in the land, including the undivided $\frac{1}{8}$ interest in mineral content which they still had. This theory or conclusion is supported by evidence of the actual intent. But appellants contend that such evidence was erroneously received.

It is the position of appellants here, as below, that the deed is unambiguous; that the intent is hence to be derived from its terms alone; that, so derived, it is to convey only an undivided $\frac{1}{64}$ of mineral content; and that hence appellee did not acquire, and appellants still have, the $\frac{7}{64}$ of mineral content undisposed of.

On the face of the deed there is no ambiguity. If the grantors, by the "various conveyances of mineral rights," had disposed of $\frac{63}{64}$ of the mineral content, the deed, though not nice, would be accurate and unquestionable in meaning. The expression of intent would be in harmony with the foregoing ex-

pressed intent to convey the whole subject to a lease and certain mineral conveyances. One reading the deed would naturally assume the existence of such state of facts.

The difficulty arises when the assumption fails. Then the expression of intent must perform the office of a reservation. Otherwise appellants cannot prevail. The grantors had already mentioned, as exceptions, the oil leasehold and the mineral deeds. According to common construction, this would embrace all of the exceptions intended. Yet we are asked, because of this expression of intent, to include another exception, viz., a $\frac{7}{64}$ mineral interest reserved to the grantors.

If this were the only office that the expression of intent could perform, it might be controlling. But, as pointed out by appellee, it may merely measure the warranty of the grantors.

Moreover, in transactions of this kind, there is always the possibility of confusing the royalty and the mineral right. The latter, unless a mere reversion or remainder, will embrace the former, and is usually to be expressed in a fraction eight times as large. In this case one can scarcely suppress the thought that $\frac{1}{64}$ was inserted inadvertently where $\frac{1}{8}$ was intended.

There is an important distinction between this case and Paxton v. Benedum-Trees Oil Co., 80 W. Va. 187, 94 S. E. 472, cited by appellants. There the ambiguity was patent. Here it is latent. It is a "collateral matter out of the deed that breedeth the ambiguity."

We must conclude that the language of this deed, plus the facts to which it points, affords some ground for each of the conflicting claims here asserted; and that we cannot make the decision with assurance from the face of the deed itself. If we are correct in this, it follows that the court properly resorted to evidence of actual intent to resolve the matter.

The judgment is affirmed, and the cause will be remanded. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.